**Jon A. Zbinden**, OSB No. 824386
jon@zbinden-curtis.com
Zbinden & Curtis
817 NE Broadway St.
Portland, OR 97232
(503) 287-5000

Attorney for Plaintiff

UNITED STATES DISCTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **DONALD CRAPSER**, Personal Representative of the Estate of **RHONDA BURKE**, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**NAPHCARE INC.**, a Foreign Corporation; and **CLACKAMAS COUNTY**, a government body in the State of Oregon, **JILL CRUM**, an individual, **JESSICA DENKER**, an individual, **WILLIAM SMITH**, an individual, **JOSEPH PERIUS**, an individual, **SOPHIA BARNES**, an individual, **CALLI ALBA**, an individual, **SHERIE CHANEY**, an individual, **ANGELA BRADENBURG**, an individual, **RICHARD SNEATH**, an individual, **ANDREA SCHERZINGER**, an individual, **MICHAEL MEAGHER**, an individual, **ERIC NALL**, an individual, **JASON B. REED**, an individual, **JOHN DOES 1-10**, and **JANE DOES 1-10**.<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and SUPPLEMENTAL STATE CLAIMS<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Donald Crapser, in his individual capacity and as personal representative for the Estate of his mother, Rhonda Burke, alleges as follows:

/ / /

## INTRODUCTION

1. This action is brought pursuant to 42 USC § 1983, and analogous state law claims brought under color of Oregon Law pursuant to 28 USC § 1367, as secured respectively by the Eighth and Fourteenth amendments of the United States Constitution, and applicable State of Oregon Statutory and Common Law.

2. Rhonda Burke died while in custody of Clackamas County jail, and while in the custody of the above captioned officials and corporate entities, while awaiting trial on charges of restraining order violations.

3. Rhonda Burke's death occurred while under the custodial supervision and concomitant responsibility of the above captioned defendant's and in violation of Rhonda Burkes rights under federal, state, and common law.

4. Decedent Rhonda Burke was arrested in the afternoon of May 19, 2021, by a Clackamas County Sheriff deputy for violation of a restraining order and booked into Clackamas County Jail.

5. As an inmate at the Clackamas County jail on May 19, 2021, Ms. Burke was identified by Jessica Denker as mentally impaired, with mental health diagnosis of: post-traumatic stress disorder, schizoaffective disorder, and bipolar disorder.

6. Rhonda Burke was further identified by Jessica Denker as a person requiring a mental health appointment, with prior history and hospitalization at Legacy Unity Center in 2019 for psychiatric hospitalization and Good Samaritan Hospital in 2013 for suicide attempt.

7. On May 19, 2021, at 11:08 p.m. prior to Rhonda Burke's transfer to the segregation unit of the Clackamas County Jail Jessica Decker noted: "does not recognize relapse triggers, is not committed to continuing care, and continued substance use poses an imminent danger to self or others in the absence of 24-hour monitoring, unable to cope, for even limited periods of time outside of 24-hour care. She needs staff monitoring".

8. On May 20, 2021, at 12:40 a.m., William Smith, Corporate Nurse Practitioner, performed a "Statcare Intake Assessment", without review of the mental health screen or physical assessment.

/ / /

Page 2 -   COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

9.   On May 20, 2021, at 8:14 a.m., student practical nurse Heather Sanduo made the recommendation: "continue to follow while in segregation" without any indication in the medical chart she saw or examined Rhonda Burke.

10.   Rhonda Burke's toxicology screen was reported May 20, 2021, at 8:14 a.m. as positive for Oxycodone, Methamphetamine and Marijuana.

11.   Ms. Burke was released from the Clackamas County Jail at 5:25 p.m. on May 20, 2021.

12.   On May 21, 2021, at 6:02 p.m. Jessica Worden posted diagnosis: Alcohol abuse. Opioid Use Disorder, Moderate/Severe.

13.   On May 25, 2021, at 11:15 p.m., Rhonda Burke was again arrested by a Clackamas County Sheriff Deputy for violation of the same restraining order.

14.   Rhonda Burke was evaluated at 11:30 p.m. on May 25, 2021, by Michael Meagher and Eric Nall and was noted as positive for: mental health impairment, signs of being under the influence—ETOH, Marijuana, abnormal/bizarre behaviors, and delusional/paranoid, "people want to kill her". Clackamas County jail personnel observed bizarre behavior, under the influence, non-cooperative, confused, unable to follow simple commands, speaking gibberish, paranoid, and difficulty understanding.

15.   Rhonda Burke was not referred for further medical health evaluation or placed on a 15-minute watch.

16.   On May 26, 2021, at 1:56 a.m., nurse Joseph Perius recorded he was unable to screen Rhonda Burke due to behavioral issues, "per deputies".

17.   Rhonda Burke was moved to an isolation cell at 1:56 a.m. on May 26, 2021, with Joseph Perius recording Rhonda Burke continued to: "yell and cry hysterically, making nonsensical statements".

18.   When Rhonda Burke was moved from the women's tank to the isolation cell, she dropped with dead weight and required help to get to the isolation cell. Richard Sneath noted Rhonda Burke was "upset and appears to be 1234".

19.   Rhonda Burke was noted as hitting the cell door and walls in the women's tank and became more agitated after the move to the isolation cell, with notation as an "unusual booking event".

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

20. At 8:36 p.m. on May 26, 2021, Rhonda Burke was noted as experiencing tremors and shakes, with a diagnosis including PTSD, schizoaffective disorder, bipolar, with recent use of illegal drugs or pain medications, as recorded by Joseph Perius.

21. On May 26, 2021, at 9:41 p.m., medications were administered to Rhonda Burke.

22. On May 26, 2021, at 9:47 p.m., Rhonda Burke was noted by Sophia Barnes as experiencing significant withdrawal symptoms and could not be safely managed without medical/nursing monitoring and met criteria for 3.7WM level of care.

23. Additionally, Sophia Barnes felt Rhonda Burke posed an imminent danger to herself in the absence of 24-hour monitoring and structured support - Sophia Barnes ordered neuro checks, twice per day through June 1, 2021.

24. On May 27, 2021, at 1:34 a.m., Joseph Perius noted Rhonda Burke to be alert, oriented, appropriate affect, and cooperative. Joseph Perius did not perform a suicide risk assessment.

25. On May 27, 2021, at 2:38 a.m., Rhonda Burke's toxicology screen reported on May 27, 2021, as positive for Oxycodone, Methamphetamine, Marijuana, Buprenorphine, Amphetamine, reviewed by Sophia Barnes.

26. On May 27, 2021, at 2:58 a.m. a 120-hour isolation began for Rhonda Burke.

27. Rhonda Burke did not receive her Librium medication at 3:16 a.m., May 27, 2021.

28. On May 27, 2021, at 9:53 a.m., Rhonda Burke submitted an inmate medical request form for "need mental health advisor" and "need help".

29. Rhonda Burke was described as hostile and irritable at 4:04 p.m. on May 27, 2021, but assessed as not needing mental health service by psychiatric nurse Sherie Chaney.

30. On May 28, 2021, sometime prior to breakfast, Andrea Scherzinger responded to an alarm from 5-4. Rhonda Burke told Andrea Scherzinger she was in pain and medical was not helping her with anything.

31. On May 28, 2021, at 6:52 a.m., Andrea Scherzinger observed Rhonda Burke had not eaten breakfast, and Rhonda Burke again told Andrea Scherzinger that she was in a lot of pain.

///

Page 4 -    COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

32. On May 28, 2021, at 8:39 a.m. Rhonda Burke told Andrea Scherzinger that she was in too much pain to get up to get her breakfast. When Andrea Scherzinger told Rhonda Burke she would let medical know, Rhonda Burke called her a liar, and said she needed to go to the hospital.

33. On May 28, 2021, at 8:50 a.m., Rhonda Burke was observed by Jason B. Reed and Jessica Denker as an inmate detoxing from drugs/alcohol to be crying and were told she was in too much pain to stand or come out of her cell. Rhonda Burke declined Tylenol and Ibuprofen as it would cause pain to her injured kidney.

34. Andrea Scherzinger noted Rhonda Burke was yelling loudly, and banging on the cell door on May 28, 2021, at 9:05 a.m.

35. On May 28, 2021, at 9:10 a.m., in response to Rhonda Burke's screaming and banging on the door, Andrea Scherzinger tried talking to Rhonda Burke to quiet her. Rhonda Burke did not quiet down, but rather continued to yell and bang on the cell door. Andrea Scherzinger could hear her from the catwalk.

36. On May 28, 2021, at an unknown time, Andrea Scherzinger informed Jessica Denker about her encounters with Rhonda Burke. Jessica Denker replied to Andrea Scherzinger that Rhonda Burke was on her detox check list, and she would be checking in on her.

37. On May 28, 2021, at 9:47 a.m., Rhonda Burke was found unresponsive in the isolation cell hanging from the top bunk with a sheet around her neck, length of time hanging unknown.

38. Rhonda Burke was transported to Kaiser Permanente and declared deceased at 1:35 p.m. on May 28, 2021, with the cause of death: asphyxia due to ligature hanging.

39. Another inmate at the Clackamas County jail, Zachery Jordan Burkenbine, informed Jason B. Reed that inmates in U. Block had been yelling to S. Block that Rhonda Burke should kill herself because she was yelling, pounding, and making a lot of noise.

## JURISDICTION AND VENUE

40. This action arises under the constitution and laws of the United States and jurisdiction is based on 28 USC § 1331 and 28 USC § 1343(a). This Court has pendant jurisdiction of the state law negligence claims pursuant to 28 USC § 1367, and diversity jurisdiction pursuant to 28 USC § 1332(c)(2).

Page 5 -   COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

## PARTIES

41.  Plaintiff Donald Crapser is the duly appointed personal representative of the Estate of Rhonda Burke, deceased. Donald Crapser and Brandon Manley are the sons of Rhonda Burke, deceased. At all times material herein, Rhonda Burke was a detainee in the Clackamas County Jail.

42.  At all timed material herein, Clackamas County was a political subdivision of the State of Oregon, acting under color of law created and existent in the State of Oregon, County of Clackamas.

43.  At all times material herein, the Clackamas County Sheriff's Department was an "arm" of Clackamas County acting under color of law created and existent in the State of Oregon, County of Clackamas.

44.  Defendant Naphcare, INC., is an Alabama corporation authorized to do business in the State of Oregon. Its business is providing medical services in jails and prisons nationally, and in Clackamas County jail, specifically at all relevant times. At all times material herein, Naphcare INC was acting under color of state law.

45.  Defendant Clackamas County is an Oregon county. Clackamas County operates a jail in Oregon City, Oregon, and is responsible for the provision of medical care for all detainees and persons in its custody. At all times material, it contracted with Naphcare INC to provide all necessary medical care to detainees and persons held at the Clackamas County jail.

46.  Based upon information and belief, defendant Jill Crum, D.O., a licensed physician, was the chief medical health officer for Naphcare, INC in May of 2021, and at all times pertinent was responsible for the health policies, customs and procedures utilized by Naphcare, INC employees working in the Clackamas County jail. At all times herein pertinent, defendant Jill Crum was acting under color of state law. Based upon information and belief, defendant Jill Crum is a citizen and resident of the State of Oregon.

47.  Based upon information and belief, defendant Jessica Denker, a registered nurse, was the Director of Nursing for Naphcare, INC., in May of 2021, and at all times pertinent was responsible for the nursing policies, customs and procedures utilized by Naphcare employees working in the Clackamas County Jail. At all times herein pertinent, defendant Jessica Denker was acting under color of state law. Based upon information and belief,

Page 6 -   COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

defendant Jessica Denker is a citizen and resident of the State of Oregon.

48. Based upon information and belief, defendant William Smith, N.P., a licensed nurse practitioner for Naphcare, INC., in a corporate capacity at the Clackamas County jail. He was responsible for medical care policies, customs and procedures utilized by Naphcare INC. employees working in the Clackamas County jail. At all times herein pertinent, defendant William Smith was acting under color of state law. Based upon information and belief, defendant William Smith is a citizen.

49. Based upon information and belief, defendant Joseph Perius, a registered nurse, is a Naphcare INC., employee who at all times pertinent was a nurse working in the Clackamas County jail. At all times herein pertinent, defendant Joseph Perius was acting under color of state law. Based upon information and belief, defendant Joseph Perius is a citizen and resident of the State of Oregon.

50. Based upon information and belief, defendant Sophia Barnes is a licensed practical nurse, is a Naphcare INC., employee who at all times pertinent was a licensed nurse working in the Clackamas County jail. At all times herein pertinent, defendant Sophia Barnes was acting under color of state law. Based upon information and belief, defendant Sophia Barnes is a citizen and resident of the State of Oregon.

51. Based upon information and belief, defendant Calli Alba, a registered nurse, is a Naphcare INC., employee who at all times pertinent was a licensed practical nurse working in the Clackamas County jail. At all times herein pertinent, defendant Calli Alba was acting under color of state law. Based upon information and belief, defendant Calli Alba is a citizen and resident of the State of Oregon.

52. Based upon information and belief, defendant Sherie Chaney, a licensed psychiatric nurse, is a Naphcare INC., employee who at all times pertinent was a licensed nurse working in the Clackamas County jail. At all times herein pertinent, defendant Sherie Chaney was acting under color of state law. Based upon information and belief, defendant Sherie Chaney is a citizen of and resident of the State of Oregon.

53. At all material times, defendant Angela Brandenburg was acting as Sheriff of Clackamas County. At all times herein pertinent, defendant Angela Brandenburg was acting under color of state law. Based upon information and belief, defendant Angela Brandenburg is a citizen

Page 7 -   COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

and resident of the State of Oregon.

54. At all material times, defendant Richard Sneath was a Clackamas County jail deputy of Clackamas County. At all times material herein, Richard Sneath was acting under color of state law. Based upon information and belief, defendant Richard Sneath is a citizen and resident of the State of Oregon.

55. At all material times, defendant Andrea Scherzinger was a Clackamas County jail deputy of Clackamas County. At all times material herein, Andrea Scherzinger was acting under color of state law. Based upon information and belief, defendant Andrea Scherzinger is a citizen and resident of the State of Oregon.

56. At all material times, defendant Michael Meagher was a Clackamas County jail deputy of Clackamas County. At all times material herein, Michael Meagher was acting under color of state law. Based upon information and belief, defendant Michael Meagher is a citizen and resident of the State of Oregon.

57. At all material times, defendant Eric Nall was a Clackamas County jail deputy of Clackamas County. At all times material herein, Eric Nall was acting under color of state law. Based upon information and belief, defendant Eric Nall is a citizen and resident of the State of Oregon.

58. At all times material herein, defendant Jason B. Reed was a Clackamas County jail deputy of Clackamas County. At all times material herein, Jason B. Reed was acting under color of State Law. Based upon information and belief, defendant Jason B. Reed is a citizen and resident of the State of Oregon.

59. At all material times, defendants John Does 1-10 and Jane Does 1-10 are Naphcare or Clackamas County employees, officers, administrators, and supervisors responsible for the provision of medical services, the enactment and implementation of policies, practices, and customs relating to the delivery of health care at the Clackamas County. At all times herein pertinent, defendants John Does 1-10 and Jane Does 1-10 were acting under color of state law.

60. Plaintiff realleges and incorporates herein as though set forth in full paragraphs 44-50, and at all material times the individuals identified were acting within the course and scope of their employment for defendant Naphcare INC.

Page 8 -    COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

## FACTUAL ALLEGATIONS

61.  Clackamas County's Oregon City jail houses pretrial detainees and persons convicted of crimes. Clackamas County is obligated by state and federal law to provide medical and mental health care for persons lodged in the Clackamas County jail.

62.  Clackamas County contracted with Naphcare, INC., to provide healthcare to jail inmates. In exchange for a fee, Naphcare INC., assumed all responsibility to establish a Medical Audit Committee to assure that quality health care was accessible to all inmates; implement all policies and procedures necessary for operation of the Clackamas County jail healthcare program, tailored to the Clackamas County jail as required by the National Commission on Correctional Healthcare standards (NCCHC); provide a medical detoxification program for drug and/or alcohol addicted inmates and detainees; provide intermittent monitoring of all detoxification cells located in the jail to determine the health status of individuals, monitoring including, at a minimum, documentation of vital signs and a determination of levels of consciousness every two hours for severe cases; provide Clackamas County with notice of any claim made against Naphcare INC., by any third party; recruit, interview, hire, train and supervise all healthcare staff; implement a Quality Assurance Program, and maintain staffing levels set forth by the contract. Decedent Rhonda Burke was arrested in the afternoon of May 19, 2021, by a Clackamas County Sheriff deputy for violation of a restraining order and booked into Clackamas County Jail.

63.  As an inmate at the Clackamas County jail on May 19, 2021, Ms. Burke was identified by Jessica Denker as mentally impaired, with mental health diagnosis of: post-traumatic stress disorder, schizoaffective disorder, and bipolar disorder.

64.  Rhonda Burke was further identified by Jessica Denker as a person requiring a mental health appointment, with prior history and hospitalization at Legacy Unity Center in 2019 for psychiatric hospitalization and Good Samaritan Hospital in 2013 for suicide attempt.

65.  On May 19, 2021, at 11:08 p.m. prior to Rhonda Burke's transfer to the segregation unit of the Clackamas County Jail Jessica Decker noted: "does not recognize relapse triggers, is not committed to continuing care, and continued substance use poses an imminent danger to self or others in the absence of 24-hour monitoring, unable to cope, for even limited periods of time outside of 24-hour care. She needs staff monitoring".

Page 9 -   COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

66. On May 20, 2021, at 12:40 a.m., William Smith, Corporate Nurse Practitioner, performed a "Statcare Intake Assessment", without review of the mental health screen or physical assessment.

67. On May 20, 2021, at 8:14 a.m., student practical nurse Heather Sanduo made the recommendation: "continue to follow while in segregation" without any indication in the medical chart she saw or examined Rhonda Burke.

68. Rhonda Burke's toxicology screen was reported May 20, 2021, at 8:14 a.m. as positive for Oxycodone, Methamphetamine and Marijuana.

69. Ms. Burke was released from the Clackamas County Jail at 5:25 p.m. on May 20, 2021.

70. On May 21, 2021, at 6:02 p.m. Jessica Worden posted diagnosis: Alcohol abuse. Opioid Use Disorder, Moderate/Severe.

71. On May 25, 2021, at 11:15 p.m., Rhonda Burke was again arrested by a Clackamas County Sheriff Deputy for violation of the same restraining order.

72. Rhonda Burke was evaluated at 11:30 p.m. on May 25, 2021, by Michael Meagher and Eric Nall and was noted as positive for: mental health impairment, signs of being under the influence—ETOH, Marijuana, abnormal/bizarre behaviors, and delusional/paranoid, "people want to kill her". Clackamas County jail personnel observed bizarre behavior, under the influence, non-cooperative, confused, unable to follow simple commands, speaking gibberish, paranoid, and difficulty understanding.

73. Rhonda Burke was not referred for further medical health evaluation or placed on a 15-minute watch.

74. On May 26, 2021, at 1:56 a.m., nurse Joseph Perius recorded he was unable to screen Rhonda Burke due to behavioral issues, "per deputies".

75. Rhonda Burke was moved to an isolation cell at 1:56 a.m. on May 26, 2021, with Joseph Perius recording Rhonda Burke continued to: "yell and cry hysterically, making nonsensical statements".

76. When Rhonda Burke was moved from the women's tank to the isolation cell, she dropped with dead weight and required help to get to the isolation cell. Richard Sneath noted Rhonda Burke was "upset and appears to be 1234".

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

77. Rhonda Burke was noted as hitting the cell door and walls in the women's tank and became more agitated after the move to the isolation cell, with notation as an "unusual booking event".

78. At 8:36 p.m. on May 26, 2021, Rhonda Burke was noted as experiencing tremors and shakes, with a diagnosis including PTSD, schizoaffective disorder, bipolar, with recent use of illegal drugs or pain medications, as recorded by Joseph Perius.

79. On May 26, 2021, at 9:41 p.m., medications were administered to Rhonda Burke.

80. On May 26, 2021, at 9:47 p.m., Rhonda Burke was noted by Sophia Barnes as experiencing significant withdrawal symptoms and could not be safely managed without medical/nursing monitoring and met criteria for 3.7WM level of care.

81. Additionally, Sophia Barnes felt Rhonda Burke posed an imminent danger to herself in the absence of 24-hour monitoring and structured support - Sophia Barnes ordered neuro checks, twice per day through June 1, 2021.

82. On May 27, 2021, at 1:34 a.m., Joseph Perius noted Rhonda Burke to be alert, oriented, appropriate affect, and cooperative. Joseph Perius did not perform a suicide risk assessment.

83. On May 27, 2021, at 2:38 a.m., Rhonda Burke's toxicology screen reported on May 27, 2021, as positive for Oxycodone, Methamphetamine, Marijuana, Buprenorphine, Amphetamine, reviewed by Sophia Barnes.

84. On May 27, 2021, at 2:58 a.m. a 120-hour isolation began for Rhonda Burke.

85. Rhonda Burke did not receive her Librium medication at 3:16 a.m., May 27, 2021.

86. On May 27, 2021, at 9:53 a.m., Rhonda Burke submitted an inmate medical request form for "need mental health advisor" and "need help".

87. Rhonda Burke was described as hostile and irritable at 4:04 p.m. on May 27, 2021, but assessed as not needing mental health service by psychiatric nurse Sherie Chaney.

88. On May 28, 2021, sometime prior to breakfast, Andrea Scherzinger responded to an alarm from 5-4. Rhonda Burke told Andrea Scherzinger she was in pain and medical was not helping her with anything.

Page 11 - COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

89. On May 28, 2021, at 6:52 a.m., Andrea Scherzinger observed Rhonda Burke had not eaten breakfast, and Rhonda Burke again told Andrea Scherzinger that she was in a lot of pain.

90. On May 28, 2021, at 8:39 a.m. Rhonda Burke told Andrea Scherzinger that she was in too much pain to get up to get her breakfast. When Andrea Scherzinger told Rhonda Burke she would let medical know, Rhonda Burke called her a liar, and said she needed to go to the hospital.

91. On May 28, 2021, at 8:50 a.m., Rhonda Burke was observed by Jason B. Reed and Jessica Denker as an inmate detoxing from drugs/alcohol to be crying and were told she was in too much pain to stand or come out of her cell. Rhonda Burke declined Tylenol and Ibuprofen as it would cause pain to her injured kidney.

92. Andrea Scherzinger noted Rhonda Burke was yelling loudly, and banging on the cell door on May 28, 2021, at 9:05 a.m.

93. On May 28, 2021, at 9:10 a.m., in response to Rhonda Burke's screaming and banging on the door, Andrea Scherzinger tried talking to Rhonda Burke to quiet her. Rhonda Burke did not quiet down, but rather continued to yell and bang on the cell door. Andrea Scherzinger could hear her from the catwalk.

94. On May 28, 2021, at an unknown time, Andrea Scherzinger informed Jessica Denker about her encounters with Rhonda Burke. Jessica Denker replied to Andrea Scherzinger that Rhonda Burke was on her detox check list, and she would be checking in on her.

95. On May 28, 2021, at 9:47 a.m., Rhonda Burke was found unresponsive in the isolation cell hanging from the top bunk with a sheet around her neck, length of time hanging unknown.

96. Rhonda Burke was transported to Kaiser Permanente and declared deceased at 1:35 p.m. on May 28, 2021, with the cause of death: asphyxia due to ligature hanging.

97. Another inmate at the Clackamas County jail, Zachery Jordan Burkenbine, informed Jason B. Reed that inmates in U. Block had been yelling to S. Block that Rhonda Burke should kill herself because she was yelling, pounding, and making a lot of noise.

///

///

///

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

**FIRST CLAIM FOR RELIEF**

**Civil Rights – 14th Amendment – 42 USC § 1983**

**Wrongful Death**

98.  Plaintiffs reallege and incorporate herein as though set forth in full paragraphs 1 through 97 above.

99.  Defendants Naphcare, INC., and its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Jason B. Reed, John Does 1-10, and Jane Does 1-10 were deliberately indifferent to Rhonda Burke's serious medical needs and rights under the Fourteenth Amendment of the US Constitution in that said defendants failed and refused to provide adequate medical care to Rhonda Burke from the time of booking through her death, in the following particulars:

   a.  Failed to provide Rhonda Burke with prompt and adequate medical attention for her serious medical needs; and

   b.  Seriously aggravating Rhonda Burke's medical condition by repeatedly ignoring her medical plight and transferring her to an isolation cell; and

   c.  In failing to administer Librium; and

   d.  In failing to promptly transfer Rhonda Burke to the Clackamas County jail Medical Observation Unit; and

   e.  In failing to promptly transfer Rhonda Burke from the Clackamas County jail to a hospital for diagnosis and treatment.

100.  Defendants Naphcare, INC., and its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Jason B. Reed, John Does 1-10, and Jane Does 1-10 were deliberately indifferent to Rhonda Burke's rights under the Fourteenth Amendment of the US Constitution in that said defendants:

   a.  Seriously aggravated her medical condition by failing to measure her vital signs on a regular basis, or at least every two hours; and

   b.  Seriously aggravated her medical condition by failing to physically assess her medical and mental health condition when alerted to her plight by Health Care

Page 13 -  COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

Request forms and deputy calls; and

c.  Seriously aggravated her medical and mental health condition by failing to contact a physician or EMS when her condition continued to deteriorate; and

d.  Seriously aggravated her medical and mental health condition by failing to administer prescribed medications; and

e.  Seriously aggravated her medical and mental health condition by failing to consistently document treatment and observations in the medical record; and

f.  Seriously aggravated her medical and mental health condition by failing to provide adequate staffing levels needed for minimally adequate care; and

g.  Seriously aggravated her medical and mental health condition by substituting less qualified and less highly paid staff than that needed for the provision of adequate medical care; and

h.  Seriously aggravated her medical and mental health condition by allowing medical staff to operate beyond their qualifications and authority; and

i.  In failing to follow Naphcare policies and procedures relating to diagnosis and treatment of mentally ill persons, and persons suffering from substance withdrawal; and

j.  Seriously aggravated her medical and mental health condition by allowing medical staff to operate without benefit of physician supervision; and

k.  Seriously aggravated her medical and mental health condition by failing to immediately transport her to hospital before May 28, 2021, and

l.  Seriously aggravated her medical and mental health condition by failing to immediately transport her to hospital on May 28, 2021, when there was no licensed physician on staff at the jail.

m.  Seriously aggravating her medical and mental health condition by failing to transport her to a hospital prior to her suicide attempt.

101. As a direct result of the actions and inactions of defendants set forth in paragraphs 95 through 96 above, Rhonda Burke was not provided timely medical care. If Rhonda Burke

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

had received timely and appropriate medical care, she would have been afforded the precautions and treatment that would have prevented her death. Rhonda Burke suffered an agonizing death as a result of defendants' failures. Her sons have been denied her love, society and companionship. Rhonda Burke's estate and her sons are entitled to compensatory damages in the sum of $4,000,000.

102. Defendants' actions and inactions were recklessly and deliberately indifferent to Rhonda Burke and her sons' civil rights, and callously disregarded Rhonda Burke's physical safety, and punitive damages should be awarded in the sum of in a sum to be determined at the time of trial.

103. Plaintiffs are entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**SECOND CLAIM FOR RELIEF**

**Civil Rights Claim – 14th Amendment – 42 USC § 1983**

***Monell* Claims – Wrongful Death – Naphcare INC., and Clackamas County**

104. Plaintiff realleges and incorporate herein as though set forth in full paragraphs 1 through 103 above.

105. Naphcare and Clackamas County, by and through their supervisory staff and policymakers, were aware of and chose to disregard a substantial risk that its policies, practices and customs with respect to the provision of medical care in the Clackamas County jail would cause suffering and death. The defective policies, practices and customs caused the suffering and death of Rhonda Burke. The unconstitutional actions and/or omissions of defendants, as well as other officers employed by or acting on behalf of defendants, were pursuant to the following customs, policies and/or procedures of Naphcare and/or Clackamas County which were directed, encouraged, allowed and/or ratified by policymaking officers for Naphcare and Clackamas County. The moving forces that resulted in the deprivation of Rhonda Burke's and her sons' Fourteenth Amendment rights were the following policies, customs or practices of Clackamas County and Naphcare, INC.:

    a.   A policy, custom or practice of not providing adequate medical and mental health screening to inmates withdrawing from medications, illegal substances, and history for suicide attempts at or near the time of booking in Clackamas County jail; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

b. A policy, custom or practice of providing insufficient medical and mental health staff coverage for inmates of Clackamas County jail; and

c. A policy, custom or practice of not using the physician, or on-call physician, for consultation even when an inmate's physical and mental health condition deteriorates; and

d. A policy, custom or practice of hiring medical and nursing personnel indifferent to the medical needs of Clackamas County inmates; and

e. A policy, custom or practice of failing to train non-physician medical personnel on basic exam procedures such as taking and recording vital stats; and

f. A policy, custom or practice of failing to train non-physician medical personnel to recognize symptoms which require immediate attention; and

g. A policy, custom or practice of not providing for trained physicians to examine seriously ill Clackamas County inmates; and

h. A policy, custom or practice of not providing jail access to a trained physician at all times; and

i. A policy, custom or practice of denying Clackamas County inmates medically necessary transfers to hospitals; and

j. A policy, custom or practice of failing to meet widely accepted community standards of care with regard to medical services for ill or injured inmates of the Clackamas County jail, experiencing physical and mental illness; and

k. A policy, custom or practice of failing to follow the monitoring guidelines relating to the medical detoxification and suicide prevention program as set forth between the parties; and

l. A policy, custom or practice of denying inmates and detainees of the Clackamas County jail access to appropriate, competent, and necessary care for serious medical needs; and

m. A policy, custom or practice of discouraging transfer of detainees to a licensed acute care facility, and/or hospital for medical care; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

n. A policy, custom or practice of refusing to fully implement the recommendations of the Clackamas County auditor, including but not limited to those referencing the quality of medical care, staffing and cost containment.

106. The policies of defendants Naphcare, INC., and Clackamas County posed a substantial risk of causing substantial harm to Clackamas County inmates, and Naphcare, INC., and Clackamas County were aware, or should have been aware, of these risks.

107. Clackamas County is also liable for the negligence and deliberate indifference of Naphcare, as described above, for deficient policies, training and supervision, because of Clackamas County's non-delegable duty to ensure that adequate medical care is provided to pretrial detainees and inmates.

108. The unconstitutional actions and/or omissions of defendants and other personnel, as described above, were approved, tolerated and/or ratified by policymaking officers for Clackamas County, its Sheriff's Department, Naphcare, and its personnel. The details of the death of Rhonda Burke have been revealed to authorized policymakers within Clackamas County, the Clackamas County Sheriff's Department, and Naphcare, and such policymakers have direct knowledge of the fact that the death of Rhonda Burke was not justified, but rather represented an unconstitutional display of unreasonable, deliberate indifference of serious medical needs, of cruel and unusual punishment. Notwithstanding this knowledge, the authorized policymakers within Clackamas County, its Sheriff's Department and Naphcare have approved of defendant Naphcare and its employees and agents conduct in decisions and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Rhonda Burke. By doing so, the authorized policymakers within Clackamas County and its Sheriff's Department, have shown affirmative agreement with the defendants' actions and have ratified the unconstitutional acts of defendant Naphcare.

109. As a direct result of the policies, customs or practices of Naphcare, INC., and Clackamas County, Rhonda Burke was not provided timely medical care. If Rhonda Burke had been adequately screened upon intake, at the receiving screening, comprehensive detoxification screening, and Columbia suicide screening, evaluations, and when she submitted Health Care Request forms and/or when jail deputies alerted medical staff to Rhonda Burke's medical condition, she would have been afforded precautions and treatment that would

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

have prevented her death. Also, as a direct result of the policies, customs or practices of Naphcare, INC., and Clackamas County, Rhonda Burke did not receive prompt and necessary medical care and as a result her condition was exacerbated, and she endured and suffered severe physical and emotional distress up to her death. Rhonda Burke's sons have been denied her love, society and companionship. Rhonda Burke's estate and her sons are entitled to compensatory damages in the sum of $4,000,000.

110. The actions of defendants Naphcare, INC., and Clackamas County were recklessly indifferent to Rhonda Burke and her sons' civil rights, and callously disregarded Rhonda Burke's physical safety, and punitive damages should be awarded against defendants Naphcare, INC., and Clackamas County in a sum to be determined at the time of trial.

111. Plaintiffs are entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

### **THIRD CLAIM FOR RELIEF**

### **Civil Rights Claim – 14th Amendment – 42 USC § 1983**

### **Supervisory Liability – Wrongful Death- Clackamas County**

112. Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1-111 above.

113. The contract between defendant Clackamas County and defendant Naphcare INC., had, as its purpose, the delivery of adequate health care for inmates and detainees, and the reduction in health care costs incurred by Clackamas County for inmate health care.

114. Defendants Naphcare, INC., Clackamas County, and its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Jason B. Reed, John Does 1-10, and Jane Does 1-10, in their supervisory capacities, were aware of the policies, customs or practices alleged in paragraph 104 above, and were aware that said policies, customs or practices created a substantial risk of causing substantial harm to Clackamas County detainees and inmates by endangering their health, safety, medical and mental health needs. Despite that knowledge, said supervisors allowed, approved of and ratified said policies, customs or practices.

115. Defendants Naphcare, INC., Clackamas County, and its employees Jill Crum, Jessica Denker,

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Jason B. Reed, John Does 1-10, and Jane Does 1-10, in their supervisory capacities, failed to adequately train Naphcare employees:

    a. In both the need and the requirement to provide monitoring at a minimum, of documenting vital signs and determinations of inmate mental state every two hours for severe cases of substance withdrawal consistent with the healthcare contract; and

    b. In both the understanding and the recognition of what constitutes a severe case of substance withdrawal for inmates with documented and diagnosed mental illness;

    c. In both the need and the requirement to provide monitoring of inmates suffering with documented and diagnosed mental illness withdrawing from legal and illegal substances; and

    d. In recognition of severe, progressive, and life-threatening withdrawal from legal and illegal substances in persons suffering with documented and diagnosed mental illness; and

    e. In understanding an inmate suffering with documented and diagnosed mental illness and suffering from severe withdrawal symptoms must never be managed outside of a hospital setting; and

    f. In the importance of documenting medical findings, in particular vital signs; and

    g. In how to recognize medical emergencies as they relate to withdrawal from legal and illegal substances especially in inmates suffering with documented and diagnosed mental illness; and

    h. On the need to provide prompt medical evaluation of detoxing persons when there is evidence their condition may be deteriorating especially in inmates suffering with documented and diagnosed mental illness; and

    i. On the importance of providing appropriate medical management to those suffering from severe substance withdrawal especially in inmates suffering with documented and diagnosed mental illness; and

    j. In failing to properly supervise staff during medical emergencies; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

k.  In failing to have competent medical staff available for medical decisions; and

l.  In allowing staff to ignore Clackamas County Corrections' rules and policies regarding medical responsibilities; and

m.  In failing to properly train staff on medical emergencies; and

n.  In ratifying a custom and practice of ignoring detainees' medical needs by not disciplining staff for violating the policies and practices of the Clackamas County Corrections and the National Commission on Correctional Health Care; and

o.  A policy, custom or practice of failing to enforce and abide by the contract terms that require the health care services provided by Naphcare INC., be audited. Had the contract terms been enforced by Clackamas County and followed by Naphcare INC., the required audits would have revealed the inadequate health care being provided by defendant Naphcare INC.; and

p.  A policy, custom or practice of failing to follow and enforce the contract terms that required a Medical Audit Committee review of all jail Healthcare Services for quality of care through established and regularly performed audits, and recommend and implement all policies and procedures for jail healthcare; and

q.  A policy, custom or practice of failing to enforce and follow the contract terms requiring defendant Naphcare INC., to tailor and adopt policies and procedures for health care at the Clackamas County jail, and to provide those policies and procedures to Clackamas County officials. These policies and procedures were to be consistent with the standards for health services and jails set forth by the National Commission on Correctional Health Care. Had the contract terms been enforced by Clackamas County, they would have revealed the inadequacy or nonexistence of Naphcare INC's policies and procedures; and

r.  A policy, custom or practice of failing to enforce and follow the contract terms requiring defendant Naphcare INC., to maintain minimum staffing levels, at appropriate levels of licensing and qualifications. Failure by Naphcare INC., to follow the terms of the contract, and Clackamas County's failure to enforce the contract terms, allowed Naphcare INC., to under-staff the medical care at the jail and allowed Naphcare INC., to substitute less qualified and less highly paid medical staff

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

than required in the contract; and

s. A policy, custom or practice of failing to follow and enforce the contract terms requiring Naphcare INC., to notify the county of all claims made against it. Naphcare INC., has had numerous claims made against it by individuals and governmental bodies. Had Naphcare INC., followed the terms of the contract, Clackamas County enforced the contract terms, it would have known that Naphcare INC., has demonstrated, over the years and across the nation, a pattern of providing deficient services. This knowledge would have alerted Clackamas County to the likelihood of deficient care being provided by Naphcare INC., in its jail; and

t. A policy, custom or practice of failing to follow and enforce the contract requiring Naphcare INC., to obtain written approval for any subcontract. By not following and enforcing the contract terms, Clackamas County thereby allowed Naphcare INC., to subcontract services which did not meet requirements of the contract; and

u. A policy, custom or practice of failing to adequately monitor Naphcare INC's performance to ensure it met staffing commitments and provided quality healthcare; and

v. A policy, custom or practice of failing to follow and enforce the contact terms requiring Naphcare INC., to provide healthcare staff as specified in the contract; and

w. A policy, custom or practice of failing to discipline staff for violating policies and practices of the Clackamas County Corrections and the National Commission on Correctional Health Care.

116. Defendants Naphcare, INC., Clackamas County, and its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Jason B. Reed, and John/Jane Does 1-20 were aware that failure to train as set forth in paragraph 111 above, created a substantial risk of causing harm to Clackamas County inmates.

117. Defendants Naphcare INC., and Clackamas County through its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, Jason B. Reed, John Does 1-10, and Jane Does 1-10, in their supervisory capacities, were aware of the policies, customs or practices as alleged in paragraph 107 above, and were aware that said

Page 21 - COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
    SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

policies, customs or practices created a substantial risk of causing substantial harm to Clackamas County detainees and inmates by endangering their health, safety, medical and mental health needs. Despite that knowledge, said supervisors allowed, approved of and ratified said polices, customs or practices.

118. Defendants Naphcare INC., and Clackamas County through its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, Jason B. Reed, John Does 1-10, and Jane Does 1-10, in their supervisory capacities, failed to adequately train Naphcare employees:

    a.  In both need and the requirement to provide monitoring at a minimum, of documenting vital signs and determinations of the level of consciousness every two hours for severe cases of substance withdrawal and suffering from pre-existing mental illness consistent with the healthcare contract; and

    b.  In both understanding and recognition of what constitutes a severe case of substance withdrawal, especially for inmates with pre-existing mental illness; and

    c.  In both the need and the requirement to provide monitoring of those withdrawing from narcotics, especially for inmates with pre-existing mental illness; and

    d.  In the recognition of severe, progressive, and life-threatening withdrawal of those withdrawing from narcotics and other substances, especially for inmates with pre-existing mental illness; and

    e.  In understanding those suffering from severe withdrawal symptoms, especially for inmates with pre-existing mental illness, must never be managed outside of a hospital setting; and

    f.  In the importance of documenting medical findings, in particular vital signs; and

    g.  In how to recognize medical emergencies as they relate to withdrawal from substances, especially for inmates with pre-existing mental illness; and

    h.  On the need to provide prompt medical evaluation of detoxing persons with pre-existing mental illness when there is evidence their condition may be deteriorating; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

i. On the importance of providing appropriate medical management to those suffering from severe substance withdrawal, especially for inmates with pre-existing mental illness; and

j. In failing to properly supervise staff during medical emergencies; and

k. In failing to have competent medical staff available for medical decisions; and

l. In allowing staff to ignore Clackamas County Corrections' rules and policies regarding medical responsibilities; and

m. In failing to properly train staff on medical emergencies; and

n. In ratifying a custom and practice of ignoring inmates' medical needs by not disciplining staff for violating the policies and practices of Clackamas County Corrections and the National Commission on Correctional Health Care.

119. Defendants Naphcare INC., Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, Jason B. Reed, John Does 1-10, and Jane Does 1-10 were aware that failure to train as set forth in paragraph 118 above, created a substantial risk of causing harm to Clackamas County inmates.

120. The policies, customs, and practices of Clackamas County and Naphcare INC., posed a substantial risk of causing harm to Clackamas County inmates and detainees. Clackamas County and Naphcare INC., were aware of these risks.

121. As a direct result of the policies, customs or practices, actions and inactions, of defendants Clackamas County and Naphcare INC., defendant Naphcare INC., was permitted to continue to provide medical care which was recklessly indifferent to the needs of Rhonda Burke. Rhonda Burke was not provided with prompt and necessary medical care resulting in severe physical and mental suffering and which ultimately resulted in her death.  Rhonda Burke's sons have been deprived of the love, society and companionship of their mother. Rhonda Burke's estate and her sons are entitled to compensatory damages in the amount of $4,000,000.

122. Plaintiff is entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

Page 23 -  COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

**FOURTH CLAIM FOR RELIEF**

**Negligence – Wrongful Death**

123. Plaintiff realleges and incorporates herein as set forth in full paragraphs 1-120 above.

124. The actions of defendants Naphcare INC., and Clackamas County through its employees Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, John Does 1-10, and Jane Does 11-20, were negligent in one or more of the following particulars:

    a. In failing to provide Rhonda Burke with an adequate medical health assessment and suicide screening upon booking into Clackamas County jail on May 25, 2021; and

    b. In failing to provide Rhonda Burke with an adequate medical health assessment and suicide screening and prevention while incarcerated in Clackamas County jail, up to the time of her death; and

    c. In failing to call for an ambulance for emergency transport to a local hospital for diagnosis and treatment at any time; and

    d. In failing to call for emergency assistance at any time prior to Rhonda Burke's death; and

    e. In failing to provide appropriate medical examination and treatment to Rhonda Burke prior to her death on May 28, 2021; and

    f. In failing to provide prompt medical attention to Rhonda Burke's serious medical needs; and

    g. In failing to completely document Rhonda Burke's vital signs; and

    h. In failing to follow the detoxification program monitoring requirements as set forth in the contract between Clackamas County and Naphcare; and

    i. In failing to follow the standards as published by the National Commission on Correctional Healthcare; and

    j. In failing to recognize and diagnose Rhonda Burke was suffering from severe, progressive, life threatening mental health crisis and withdrawal from alcohol and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

substances; and

k.  In failing to review the medical chart of Rhonda Burke given the circumstances then and there existing; and

l.  In failing to follow Naphcare policies and procedures relating to the diagnosis and treatment of those suffering from alcohol and substance withdrawal; and

m.  In refusing to implement all recommendations of the Clackamas County Auditor, including, but not limited to those referencing the quality of medical care, staffing, and cost containment; and

n.  In allowing, approving and ratifying policies, customs, or practices as alleged in paragraphs 101 and 111 above; and

o.  In failing to provide an appropriate medical examination, suicide screening, and treatment to Rhonda Burke on May 25, 2021, May 26, 2021, May 27, 2021, and May 28, 2021; and

p.  In failing to provide an appropriate medical examination, mental health assessment, suicide screening, and treatment to Rhonda Burke at the time it became known she was delusional/paranoid, demonstrating abnormal/bizarre behaviors, mental health impairment and withdrawing from illicit and non-illicit substances on while an inmate; and

q.  In failing to provide an appropriate medical examination, mental health assessment, suicide screening, and treatment to Rhonda Burke when she submitted her first Health Care Request form on May 27, 2021; and

r.  In failing to administer Librium medication on May 27, 2021, at 3:16 a.m.; and

s.  In failing to provide an appropriate medical examination, mental health assessment, suicide screening, and treatment to Rhonda Burke when she requested help from Andrea Scherzinger on on May 28, 2021, at 9:09 a.m.; and

t.  In failing to provide an appropriate medical examination, mental health assessment, suicide screening, and treatment to Rhonda Burke when she was assessed as requiring a need for mental health services at 4:04 p.m. on May 27, 2021; and

u.  In failing to provide an appropriate medical examination, mental health assessment,

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

suicide screening, and treatment to Rhonda Burke at the time it became known she required mental health services on May 27, 2021; and

v.   In failing to immediately transport Rhonda Burke to a hospital at any point between May 25, 2021, and May 28, 2021, prior to 9:47 a.m.; and

w.  In failing to determine that Rhonda Burke was suffering from serious complications of withdrawal from illicit and non-illicit drugs, and mental health issues on May 25, 2021; and

x.   In failing to determine the physical and mental health issues Rhonda Burke was experiencing from May 25, 2021, through May 28, 2021, in light of Rhonda Burke's recurring physical and mental health appearance, pleas for medical assistance, generally deteriorating condition; and

y.   In ignoring Rhonda Burke's medical plight, even though she sought medical care.

125. As a direct result of the actions and inactions of defendants Naphcare INC and Clackamas County, and each of them, Rhonda Burke endured and suffered severe physical and emotional distress, and her medical condition was exacerbated, resulting in her death.  Her sons have been denied her love, society and companionship.  Rhonda Burk's estate and her sons are entitled to compensatory damages in the sum of $4,000,000.

126. Notice pursuant to the Oregon Tort Claims Act was given to defendant Clackamas County within the time prescribed by law.

## FIFTH CLAIM FOR RELIEF

### Gross Negligence/ Reckless Misconduct – Wrongful Death

127. Rhonda Burke's estate alleges and incorporates herein as though set forth in full paragraphs 1 through 126 above.

128. Defendants Naphcare INC., by and through its employees acting within the scope of their employment, was grossly negligent and acted with reckless misconduct in one or more of the following particulars:

a.   In failing to provide an appropriate medical examination, mental health assessment and treatment to Rhonda Burke on May 25, 2021, through May 28, 2021; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

b. In failing to provide an appropriate medical examination, mental health assessment and treatment to Rhonda Burke at the time it became known she was delusional and suffering a mental health crisis on May 26, 2021; and

c. In failing to administer Librium medication on May 27, 2021, at 3:16 a.m.; and

d. In failing to provide an appropriate medical examination, mental health assessment and treatment to Rhonda Burke when she submitted her first Health Care Request form on May 27, 2021, at 9:53 a.m.; and

e. In failing to provide appropriate medical examination, mental health assessment and treatment to Rhonda Burke when she requested help from Andrea Scherzinger on May 28, 2021, at 9:09 a.m.; and

f. In failing to immediately transport Rhonda Burke to a hospital at any point between May 26, 2021, and May 28, 2021; and

g. In failing to determine that Rhonda Burke was suffering from serious mental health complications and withdrawal from illicit and non-illicit medications and substances; and

h. In ignoring Rhonda Burke's serious mental health plight, even though she sought medical care; and

i. In ignoring Rhonda Burke's need for medical attention because they were poorly staffed; and

j. In allowing, approving and ratifying the policies, customs or practices as alleged in paragraph 101 and 107 above; and

k. In failing to adequately train Naphcare INC., and Clackamas County employees on the need to provide a prompt medical examination of persons who are withdrawing from illicit and non-illicit medication and suffering serious mental health plights when they are booked into and while incarcerated at Clackamas County jail; and

l. In failing to adequately train Naphcare INC., and Clackamas County employees in the symptoms and treatment of inmates who are withdrawing from illicit and non-illicit medications and suffering serious mental health plights during their incarceration; and

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

m. In failing to adequately train Naphcare INC., and Clackamas County employees to recognize medical emergencies; and

n. In failing to adequately train Naphcare INC., and Clackamas County employees to maintain an adequate medical record.

129. As a direct result of the misconduct of defendant Naphcare INC., Rhonda Burke endured and suffered severe physical and emotional distress, and her medical condition was exacerbated, resulting in her death. Her sons have been denied her love, society and companionship. Rhonda Burke's estate and her sons are entitled to compensatory damages in the sum of $2,000,000.

130. The actions of defendant Naphcare INC., were grossly negligent, and recklessly indifferent to Rhonda Burke's civil rights, and callously disregarded her physical safety. Punitive damages should be awarded in a sum to be determined at the time of trial.

WHEREFORE, Plaintiffs pray for judgment as follows:

**On First Claim for Relief**, for judgment against defendants Naphcare INC., Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, John Does 1-10, and Jane Does 1-10 each of them for:

A. Compensatory damages in the sum of $4,000,000; and

B. Punitive damages in a sum to be determined at time of trial; and

C. Necessarily and reasonably incurred attorney fees and costs.

**On Second Claim for Relief**, for judgement against defendants Naphcare INC., and Clackamas County, and each of them for:

D. Compensatory damages in the sum of $4,000,000, and

E. Punitive damages in a sum to be determined at time of trial, and

F. Necessarily and reasonably incurred attorney fees and costs.

///

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000

**On Third Claim for Relief**, for judgement against defendants Naphcare INC., and Clackamas County, and each of them for:

G.  Compensatory damages in the sum of $4,000,000, and

H.  Punitive damages in a sum to be determined at time of trial, and

I.   Necessarily and reasonably incurred attorney fees and costs.

**On the Fourth Claim for Relief**, for judgment against defendants Naphcare INC., Clackamas County, Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, Angela Bradenburg, Richard Sneath, Andrea Scherzinger, Michael Meagher, Eric Nall, John Does 1-10, and Jane Does 1-10 and each of them for:

J.   Compensatory damages in the sum of $4,000,000, and

K.  Necessarily and reasonably incurred attorney fees and costs.

**On the Fifth Claim for Relief**, for judgment against defendants Naphcare INC., Jill Crum, Jessica Denker, William Smith, Joseph Perius, Sophia Barnes, Calli Alba, Sherie Chaney, John Does 1-10, and Jane Does 1-10 and each of them for:

L.   Compensatory damages in the sum of $4,000,000, and

M.  Punitive damages in a sum to be determined at the time of trial, and

N.  Necessarily and reasonably incurred attorney fees and costs.


DATED this _16th_ day of May 2023.

Jon A. Zbinden, OSB No. 824386
of Attorneys for Plaintiff
jon@zbinden-curtis.com

Page 29 -  COMPLAINT - VIOLATION OF CIVIL RIGHTS (42 USC § 1983) and
            SUPPLEMENTAL STATE CLAIMS

ZBINDEN & CURTIS
817 NE Broadway
Portland, OR 97212
(503) 287-5000